Cite as: 601 U. S. \_\_\_\_ (2023)　　　　1

# SUPREME COURT OF THE UNITED STATES

### JAMES KING *v.* DOUGLAS BROWNBACK, ET AL.

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 22–912.　Decided October 30, 2023

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

This case squarely presents an issue this Court previously left undecided: Whether, under the Federal Tort Claims Act's judgment bar, "an order resolving the merits of an FTCA claim precludes other claims arising out of the same subject matter in the same suit." *Brownback* v. *King*, 592 U. S. \_\_\_, \_\_\_ (2021) (SOTOMAYOR, J., concurring) (slip op., at 1). When this case was first before us, we remanded for the Sixth Circuit to consider this issue in the first instance. On remand, a divided panel of the Sixth Circuit determined that it could not consider this issue anew because it was bound by Circuit precedent.

When this Court remanded, I observed that "while many lower courts have uncritically held that the FTCA's judgment bar applies to claims brought in the same action, there are reasons to question that conclusion," and the issue "merits far closer consideration than it has thus far received." *Ibid.* The text, purpose, and effect of the FTCA, as well as principles of common-law claim preclusion, all indicate that the judgment bar might not apply to claims brought in the same lawsuit. Indeed, applying the judgment bar in such circumstances produces unfair and inefficient results. James King now cannot litigate his claims that officers unconstitutionally stopped, searched, assaulted, and hospitalized him, even though the Sixth Circuit previously concluded that these claims could proceed to

a jury trial. See *King* v. *United States*, 917 F. 3d 409, 421–432 (2019), rev'd on other grounds, *Brownback* v. *King*, 592 U. S. ___ (2021). He cannot advance these compelling claims solely because he brought them together with his FTCA claim, which was dismissed for unrelated reasons. This broad application of the judgment bar incentivizes piecemeal litigation.

The Court now denies certiorari and declines to review the Sixth Circuit's decision. This denial does not necessarily forestall further consideration of this issue in the lower courts. Some Circuits have not yet decided this issue or have addressed it only in dicta. Others have decided it, but may conclude that prior Circuit precedent is distinguishable. Still others may conclude that the Circuit should revisit the question en banc. See Fed. Rule App. Proc. 35(a). This may be especially appropriate because few lower courts have analyzed or explained how the judgment bar's text or purpose compels the conclusion that claims arising out of the same subject matter in the same suit are barred. See *Brownback*, 592 U. S., at ___ (SOTOMAYOR, J., concurring) (slip op., at 4).

This case presents a consequential statutory interpretation question that has divided the courts of appeals. That question still "deserves much closer analysis and, where appropriate, reconsideration." *Ibid.* In an appropriate future case, this Court should decide this issue.